Case number 22-7103, Pablo Abreu, a balance versus Howard University. Mr. Carlin for the imbalance, Mr. Previs for the appellee. Good morning Mr. Carlin you may proceed and I'll just let the parties know in the second case that we'll take a 10-minute break after this argument before we proceed with the hearing. Your honors may I please report my name is Stuart Carlin and I'm representing Pablo Abreu, the opponent in this case for purpose of the oral argument only he is pro se. I did give him some assistance in drafting the brief, brief in chief. The complaint was drafted by an attorney? Yes, yes your honor, it was drafted he had representation below in the district. Yes, all right. So in this particular case the first and prominent issue I think is the statute of limitations, what statute of very skilled adversary raised the issue of waiver so I want that head-on because the statute of limitations was one year was held that it was one year and so these issues with respect to the three-year statute, four-year statute, one year plus polling was not the law but I would respectfully submit that when you have the discretion to overlook that waiver argument and the test has been does it below what were the parties fairly put on notice as to the substance of the issue and here the only issue was the statute of limitations so it is respectfully submitted that the court in its discretion should look at the statute of limitations because of the importance of it because the issue was dealt head-on and all the parties on notice that's the substance of the issue. Now with respect to the statute of limitations on the ADA and 504. Was the district court I guess the district court was in the prize of the Stafford decision below because it was after the district courts decision? That's correct. All right. Why doesn't Stafford resolve the limitations issues at least on the Rehab Act? Well your honor I believe that there needs to be a uniform statute of limitations that applies in basically a civil rights case. The three-year statute of circuits have adopted a personal injury statute of limitations which in this instance would be the three-year statute of limitations and I believe that the uniformity is really critical here under title 6 under 1983 there's a three-year statute of limitations hard to distinguish between why that should be the issues raised by aptly is is that well the ADA 504 isn't it doesn't deal with the issue of intent but I respectfully submit that it can deal with intent and you would have cases where on an accommodation issue first that can it could be an intent issue on that in any event as well as under the ADA 504 obviously if someone's not hired was person has let's say bipolar which is a disability and it was known it was deliberate and you would have a three-year statute of limitations plotting and applying to part of the acting a one-year statute it's not really a workable solution seems to me that uniformity in this particular instance is is is really critical there should be clear voice from from the court as to what the statute limitations is and that clear voice would be consistent with title 6 in 1983 civil rights statutes in the event that the three-year statute doesn't apply there's also also respectfully submitted that that the default statute when there's no statute that applies there is a default statute that was enacted in 1990 and that is a four-year statute limitation the argument is that anything that came before you would not apply the default statute however the court of appeal excuse me the Supreme Court was clear that if the ADA was amended after and a cause of action that didn't previously exist that then the four-year statute all statute would apply the old law before Congress enacted the amendments to broaden the definition of disability was if it if it was seriously restricted from activities of central importance to most people and their daily lives it has to be permanent long term in this particular instance respectfully submitted that episodic and and something that is that has and the other thing is if it had mitigating measures also was it didn't apply in this particular instance I don't believe my mr. Bray you let me interrupt even if you are corrected and it's a three-year statute limitations and so the claim was timely there's been an alternative argument that the case should be the dismissal should be affirmed because you failed to state your client failed to state a claim in two respects one that there was it was not pled that mr. brew was a qualified individual with a disability in the sense that I don't see in the complaint where the complaint says if I had this in absent that how is there a plausible claim that he's a qualified individual well it was enunciated in the complaint that the that he was requesting a reasonable accommodation not just to take it more than three times which was the standard in the boards itself it was six at the time it's been reduced since then to four but in addition he was asking for extra time when he when he he took the test he was he needed the extra time for several reasons most this was not just for the third test second test when the delay occurred so we're at the motion to dismiss stage where plausibility whether or not it's plausible when one construes all facts in in plaintiff's favor as to whether or not not just third test but whether or not they violated the ADA in the second test when they were put on notice he was asked but the complaint doesn't say I want to take it a fourth time and the fourth time instead of having three hours I want four hours and if I get those two things I can pass the test I mean there's just nothing spelled out just to show I guess that it's going to be anything other than just a futile effort to allow him to take it fourth time you see what I'm saying yes your honor I would be somewhat speculative whether or not he would pass it or not the fourth time but the point I'm trying to make your honors is that in the second and third test he was asking for extra test time because of his condition period and he that was denied very very he never got the extra test time on the third test he was he didn't even get notice of the exam they had until the middle of July to schedule the exam they could have given him extra time there was no I don't read his complaint is saying that my claim is that the accommodations that I already received weren't good enough because I should have been given more time on the I think it could be reasonably inferred the other thing your honor is the ADA and the Bible for in the last decision merits of that claim were not reached by the court below the only thing that was before your honor I understand but we can affirm on alternative grounds I understand your honor I think a fair reading and the complaint is that he was forced one could reasonably inferred all reasonable inferences favor of the opponent that his denial of the extension of time to take the exam when he was been diagnosed with severe anxiety and ADHD one could reasonably infer but we're not getting the extension that he would have passed that's the crux of the complaint the other argument that's made and is for failure to state a claim is that it would fundamentally alter the educational program to allow them to take it a fourth time and there's several cases that are cited and most of those cases were decided on summary judgment but when I read them I don't really understand that there really be discovery or evidence that they're relying upon to make that ruling there the courts are saying just the nature of professional schools or such that they have standards the kind of reputation of the school is at stake the safety of the community is at stake with you nursing and medical and other licensing requirements and so it just kind of goes without saying that it would fundamentally alter the program to allow someone to not have to pass a certain course or to to take an exam you know an additional time why isn't that a suitable alternative grounds for affirming well it's a summary judgment issue your honor and the reason why it's a summary judgment issue is that you know the plot like mr. Bray you expert testimony expert testimony for the fact that the board itself at the time had allowed candidates six times and other even though it's reduced out to four times well that type of discovery was not available because this was dismissed on at the pleading stage there's no record as to that at this particular point in time there are many other schools that allow more than three times the accreditation may may allow more than three times they may make a policy that is three times but it's respectfully submitted at a motion to dismiss stage at this world at the earliest possible stage that the plaintiff's entitled to develop the record below and present the arguments that it would not impact the integrity academically of the program is thank you judge Rogers did you have any questions no the only question I wondered about was the policy if counsel can advise us how is the policy developed is this something out of the president's office is it the Board of Trustees is it operating board you're on your honor I don't know the answer that question we haven't had the benefit of the discovery so the policy that's a matter of public record one way or the other yes your honor but I don't I don't know the answer to that question sorry to say all right we'll give you a couple minutes thank you may I please the court can you please for a pearly good morning counsel I'd like to address the issues that judge Wilkins was addressing whether a whether the case should be affirmed on the alternative grounds that there was no that there would be a fundamental alteration of the university standards and also that plaintiff has not pled that he would be qualified able to pass the exam with a fourth temp I want to just factually make a couple things clear here the US MLE test is administered by the National Board of Medical Examiner so if you want three hours instead of two hours that's the entity if you want more opportunities to take the test then you can ask the Howard University College of Medicine and the Howard University College of on its assessment of what is suitable for its academic program I mean at bottom what this case is about is a regrettable situation where a student is unable to pass a licensing exam after two years of study and three attempts and the university has an obligation to make sure that those people going through its program are academically I understand that I guess the to get to the nub of the issue how is that suitable the fundamental alteration issue how is that suitable for resolution on a motion to dismiss rather than a motion for summary judgment I don't see any Court of Appeals cases that have resolved that on the motion to dismiss they all seem to resolve it on a motion for summary judgment well Cunningham was resolved on a motion to dismiss and Lipton which was affirmed by the Second Circuit was decided on dismiss and furthermore the other cases that address the issue have addressed it as a matter of law as a matter of law it's now firmly established by all these decisions at seeking an extension or opportunities to take the licensing examination is is a fundamental alteration program as Howard University over the years though changed the number of opportunities that the number of take either the step 1 or step 2 exam I just don't know the entire history of what Howard has done last hundred years of its College of Medicine but this policy place since 2015 at least and this is not a unique policy to Howard University as I know a hundred years but do you know whether in the last 20 years it's been different I don't I don't I don't know the answer to that I'd like I'd like to give you an answer that it hasn't changed but I can't represent but what I do know is that it appears to be a firmly established rule of law that this is a fundamental alteration and I and you haven't heard from do all medical schools cap it at three opportunities the step ones exam well we well first of all some give more opportunities it's up to each academic institution to determine what's appropriate for that institution and in Howard and if you read these cases that were cited what you see there is the we're going to give deference to individual academic institutions to determine what is the appropriate number of times a period of time yes this examination and that may you know there may be differences of opinion from different among different medical schools but Howard has chosen these rules they're reasonable rules I mean three times to take an exam two years to pass an exam when you go see a doctor you don't want to know that they get the answer wrong the first three times or it takes them two years to get to the right answer that's what these policies and rules are all about they're about this institution's fundamental academic judgment about what its educational policies are and that's owed a great deal of deference and I can't imagine anything that would be produced by remanding this or discovery that would affect that discretion and counsel hasn't suggested any such facts to you there are no such facts that have been pointed out in the briefings of this case even in there either in the lower court or in this court so I think this court ought to be able to comfortably rule as a matter of law that there's a mental alterations being sought here it's inappropriate and in addition there's no real allegation that mr. Abru would have been able to pass an exam a fourth time around there's no evidence or allegation that he has done something different that would enable him to improve on the outcome after three suppose let's suppose you had a case where the the student had an epileptic had a seizure during the first two times that they took the exam in that impacted their ability to pass the exam and then they were diagnosed with epilepsy and they took some medication and took it the third time it didn't pass and then they said well I think now that you know if I get one more chance because the first two chances that I got weren't really you know adequate because I had a seizure in the middle of those two exams I want a fourth one okay they do is to that raise a question of fact as to whether or not they should get a fourth try as a reasonable accommodation or as a matter of law we would say no that would fundamentally alter Howard's academic standards in a way that it's not reason it could alter the evaluation but that's not what we have here remember here but would it be a fundamental alteration where that dismissed out of the box no it wouldn't be a fundamental alteration because the candidate wasn't actually able to beat the exam do it due to a medical reason and Howard University is a reasonable institution and it was very and it goes fast don't fit here because but doesn't that doesn't that undermine the law asking a university to grant an additional exam is a fundamental alteration and can't be expected under the Rehab Act or the ADA yes it affects it under those in facts but the facts here I haven't been able to get this out well it's a matter if if you win as a matter of law then the facts don't matter right well as a matter of law and circumstances like those here where the university accommodated him it gave him leaves of absence it gave that gave him additional time it did a lot for him it didn't you know the university is not out there to get students and throw them out the university wants these students to succeed but it also has a responsibility to produce qualified people and in this case the university accommodated mr. M in several ways and there was no mid exam breakdown he didn't have a heart attack understand maybe in the time that you have you should address Stafford okay just one quick question before you get to limitations fundamental alteration was a it's it's well as a matter of law it is I think it is a defense but it actually it's it's an element of the cause of action the statute says that you're not I thought it said something like unless the employer or institution or whoever proves that the that this would doesn't say unless the institution proves it it's part of the plaintiff's cause of action to show that if it were a defense we couldn't resolve it on a motion to dismiss correct you could you can you can resolve I mean statute of limitations is an affirmative defense that's resolved all the time on appeal or motions to dismiss the facts not if not if the defendant doesn't raise the defense well the university raised its defense this defense and its motion to dismiss this was a defense that it raised so it was addressed it raised it the lower court found that unnecessary to reach the issue because it decided the case on the grounds of statute patients but the arguments were made and part of appeals and a lower court are to grant summary judgment as a matter of law and an affirmative defense without it without an answer well a motion to dismiss serves the service the purpose of an answer situation okay so with respect to Stafford Stafford is a different statute and it has a different logic a logic of Stafford is that discrimination intentional discrimination is like a personal injury or it sounds in tort and that goes way back if you look at the Wilson versus Garcia case and you look at that the court was talking there about a Civil War era statute was talking about intentional discrimination was talking about all kinds of atrocities lynching whipping those sorts of things and it was quite natural for an intentional discrimination claim to be viewed in some respect as sounding in tort because that's what happens that's not true in a where there can be liability without discriminatory intent so the statutes and the logic are completely different one of the concerns in Stafford was that all the other circuits had ruled that the personal injury statute applies that's not the case here I mean we have we know the 4th Circuit and the 9th follow these state anti-discrimination law statutes or limitations and we know that several other circuits have indicated that if there was a a very close mirror state anti-discrimination statute that will control so in this case if you if you rule in favor of three-year statute limitations then you're actually out of sync with most of the other circuits that have addressed the issue so I think the statutes are very different and the weight of authority is different Stafford rightly or wrongly had already held the governing limitations period for title 6 for title 6 and the Rehab Act adopts remedies procedures and rights of title 6 so it's your argument that a statute of limitations is not a remedy procedure or right well remember the basic principle is you have to look at the most analogous state statute okay the most analogous no for the Rehab Act you have to look to title 6 unless the statute of limitations is not a remedy procedure or right seems like a pretty tough position for you well Stafford did not address potential discrimination and weight of authority is go to the state statute and a failure to accommodate is not like potential discrimination it's you're not doing something affirmatively to somebody else you're trying to you know you're trying to ameliorate the existing condition or circumstance so the whole logic of this kind of claim it's inconsistent with Stafford and it's wrong and I don't see anything in title 6 that has a remedy for failure to accommodate so there's no there's no remedy under title 6 for failure to accommodate there is a remedy under the ADA and let's not forget that the DCHRA has been construed by this court as being really identical and practical the DCHRA is not very as but the courts have ruled that we're going to import all of that law into the DCHRA so how could that not be the most analogous special patient all right judge Rogers did you have any questions no thank you all right thank you counsel all right we'll give you mr. Carlin two minutes for rebuttal I just want to just touch on in this scenario that your honor presented and there was candidly an admission by my adversary and you pose the question about someone was sick too he had he had anxiety which placed him in the 98th percentile he was basically an emotional wreck when he was taking those exams I would respectfully submit but there's no nothing distinguishing in terms of the logic that would apply to my client that would apply to someone who has epilepsy and when the school would consider a fourth exam period stop I mean there's this just no difference and I would respectfully submit that in this particular instance besides him asking for extra time which would have allowed him to adjust medications lowered his anxiety level that was denied besides that are you there's no eating in the there's no allegation in the complaint that that Howard had to purview to give him extra time on the exam I believe it's set forth in paragraph 36 and 37 where extensions were requested by an all right anything else I know I will take the case under advisement we're going to take a 10-minute recess for the benefit of our ASL interpreter and then we will hear the parties in the next case thank you
judges: Wilkins, Katsas, Rogers